UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SALVATION ARMY WORLD SERVICE OFFICE )
)
v. ) C.A. No. 02-271L
)
HAROLD A. MEYER, III, )
HAROLD A. MEYER, III, d/b/a )
FEDERAL INVESTMENT GROUP )

MEMORANDUM AND ORDER

Recent events have caused this Court to review the extensive file in this case. The Court has discovered that the judgment approved and entered on 3/31/03 with the consent of the parties has never been certified as having been fully executed and satisfied, and, therefore, the case is technically still open.

A brief history of this matter is in order at this point. The Salvation Army World Service Office ("Plaintiff") filed a complaint against Harold A. Meyer, III, and his unincorporated entity, Federal Investment Group ("Defendant") on 6/14/02 under the Lanham Act. Plaintiff alleged that it had used the acronym SAWSO since at least 1977, and SAWSO. org as a website domain designation since the mid 1990's to give out information to the public about its world-wide charitable activities, while Defendant had recently started using SAWSO. com to promote and dispense his pornographic offerings. Plaintiff claimed that this activity by Defendant constituted trademark and service mark infringement and also unfair competition as well as illegal

cyber-squatting.

At the same time, Plaintiff filed a Motion for Preliminary Injunction supported by a number of affidavits and other materials which indicated how Plaintiff used the mark and how Defendant used the mark to further his pornographic activities.

There was a return of service on Defendant and his so-called entity, and thus, answer was due on 7/16/02. Defendant did not file an answer by that date, but rather on 7/17/02, he filed a motion, pro se, to continue the case for 90 days so that he could secure counsel. Plaintiff quickly and strenuously objected. It pointed out that Defendant was represented by counsel prior to the filing of the suit, who negotiated with Plaintiff's lawyers to settle the matter and that after suit was brought, Defendant announced that he had fired his lawyer and would defend the case himself. Also, it was pointed out that Defendant, rather than prepare an answer, had used his time to prepare a case against another entity and issue derogatory communiques against Plaintiff over the internet. The Court credited Plaintiff's assertions and concluded that the motion was interposed for dilatory purposes and denied it.

Since Defendant had not answered the case, Plaintiff, on 8/12/02, moved for the Clerk to enter default against Defendant and the Clerk obliged.

About the same time, Defendant, through counsel, filed an

answer containing a counterclaim against Plaintiff along with a motion to enlarge the time to file the answer. On 8/16/02, counsel for Defendant filed a motion to set aside the entry of default by the Clerk. Plaintiff objected to these two motions and on 8/30/02, filed a motion for the Court to enter Default Judgment against Defendant. This Court referred the motion to set aside default and the motion for enlargement of time to Magistrate Judge Robert W. Lovegreen. Judge Lovegreen held a hearing on those two motions on 9/19/02, and took those matters under advisement. Judge Lovegreen then held a series of settlement conferences with the parties without success.

Then on 11/25/02, Judge Lovegreen issued a Memorandum and Order (rather than a Report and Recommendation) granting the motion to set aside entry of default and the motion to enlarge time retroactively validating the belated answer filed on behalf of Defendant.

Plaintiff filed an objection to Judge Lovegreen's Memorandum and Order and appealed the same to this Court. After various memos were filed this Court held a hearing on the matter on 2/6/03. A full transcript of that hearing is in the court file.

After hearing all the arguments proffered by both sides, the Court opined that it was inclined to affirm Judge Lovegreen's Order and allow Defendant to defend the case on the merits, but, on condition that Defendant pay Plaintiff's counsel fees incurred

as a result of his dilatory tactics. The Court gave Plaintiff's counsel time to file a request for counsel fees and Defendant time to object thereto and set the matter down for a future hearing.

Plaintiff submitted a request for a total of $25,716.40 in counsel fees. Defendant objected but before the Court could hold a hearing thereon, the parties submitted a Consent Judgment signed by both parties on 3/13/03. The Court approved and entered the Judgment on 3/31/03. It is attached hereto. As can be seen from an examination of the Judgment, there were some provisions that remained executory, such as, the $10,000 judgment against Defendant to be paid in installments, and the provision calling for Defendant to assign to Plaintiff the domain name known as SAWSO.com There has never been a filing in the case, since the entry of that Judgment, indicating that the Judgment has been fully executed and satisfied. The Court recalls now that the Court was waiting for such a filing before deciding whether to refer this whole file to the United States Attorney for this District to investigate whether any criminal laws of the United States had been violated.

In order to secure closure in this case, the Court hereby orders that hearing be held on June 22, 2006, for determination of whether the Judgment has become fully executed and satisfied. That hearing will be held at 2:00 P.M. in Courtroom 4 of this

Courthouse with this writer presiding. If a filing is made before that time to the effect that the Judgment has been fully executed and satisfied, then the hearing will be cancelled. After said hearing or filing as the case may be, the Court will decide whether to refer this matter to the United States Attorney.

This Memorandum and Order will be sent to all counsel of record and to Defendant at P.O. Box 5757, Wakefield, RI 02880-5757, his last known address.

It is so Ordered.

Ronald R. Lagueux
Senior Judge
May 18, 2006